In re Robert F. BECKMAN, Debtor.

**FIRST AMERICAN NATIONAL BANK OF NASHVILLE, Plaintiff–Appellee,**

v.

**Robert F. BECKMAN, Defendant-Appellant.**

Civ. A. No. 1:87–0032.
Bankruptcy No. 186–02622.

United States District Court, M.D. Tennessee, Nashville Division.

Sept. 28, 1987.

Richard J. Braun, Nashville, Tenn., for plaintiff-appellee.

Edmund W. Turnley, III, Nashville, Tenn., for defendant-appellant.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

The appellant Mr. Robert F. Beckman appeals from an order of the Bankruptcy Court of this District, granting the appellee First American National Bank of Nashville (First American) a default judgment against him. Oral arguments requested are deemed unnecessary to a decision herein.

A Bankruptcy Judge awarded First American the default judgment when Mr. Beckman did not appear personally or through counsel at the pretrial conference of January 30, 1987 herein. The grounds of Mr. Beckman's appeal *inter alia* are that entry of a judgment by default is not authorized for the failure of a defendant to attend a pretrial conference, and that there was no compliance by First American with the requirement of Rule 55(b)(2), F.R. Civ.P., that he be served with written notice of First American's application to the Bankruptcy Court for entry of a judgment by default at least 3 days prior to the hearing on such application.

The appellant is in error concerning such first ground: entry of a judgment by default may be a proper sanction when a party has failed to appear at a pretrial conference. *McGrady v. D'Andrea Electric,* 434 F.2d 1000, 1001 (5th Cir.1970). Even so: "The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. * * It is only appropriate where there has been a clear record of delay or contumacious conduct." *E.F. Hutton Co. v. Moffatt,* 460 F.2d 284, 285 (5th Cir.1972).

There is in this record no indicia whatever of either inexcusable delay or contumacious conduct on the part of Mr. Beckman which would have warranted the sanction of entry of a judgment by default against him. First American had filed on December 8, 1986 a complaint in the Bankruptcy Court for the determination of the dischargeability of a debt owed it by Mr. Beckman. A copy of that complaint was served on Mr. Beckman with a summons, a preliminary pretrial order, and a notice of trial in which a pretrial conference was assigned for January 30, 1987. Such notice of trial included the warning that the failure of Mr. Beckman to serve a motion or

answer with the attorney for First American within 30 days of receiving the summons, or 5 days before the scheduled pretrial conference, would result in a judgment by default's being taken against him.

Mr. Beckman filed a motion for a dismissal of the complaint on January 8, 1987, and a hearing of such motion was assigned for February 17, 1987, by the Bankruptcy Court's order of January 29, 1987. The aforementioned preliminary pretrial order required counsel for both parties to confer at least 7 days prior to the pretrial conference and to prepare together in writing and file with the Bankruptcy Court a pretrial statement no less than 5 days prior to the pretrial conference.

■ Mr. Beckman claims that the combination of the filing of the order assigning his aforesaid motion for hearing on the very day before the pretrial conference had been assigned to be held, and that his counsel had not received a proposed pretrial statement from counsel for First American, led him to "assume" that the order assigning the pretrial conference had been vacated.

■ Although there was no basis for Mr. Beckman to have indulged any such assumption, he had appeared in the action against him by First American by filing timely a motion for a dismissal of its complaint. The Bankruptcy Court, before entry of a judgment by default against Mr. Beckman, was required to cause him to be served with a written notice of First American's application for entry of a judgment by default 3 days prior to the hearing on such application. Rule 55(b)(2), *supra*.

There is no claim by First American that this was done: the Bankruptcy Judge appears to have acted summarily in invoking the sanction against Mr. Beckman: When he did not appear personally or otherwise at the pretrial conference on January 30, 1987 for the assigned pretrial conference, the Bankruptcy Judge granted First American the judgment by default against him and directed counsel for First American to prepare an order to that effect. Such order was entered against Mr. Beckman on February 24, 1987, absent such notice and absent any hearing during which Mr. Beckman could have explained to the Court his baseless "assumption."

Mr. Beckman, having made his appearance in First American's action against him, " * * * '[f]ailure to give the required notice is generally regarded as a serious procedural irregularity,' 6 Moore's Federal Practice, § 55.05[3] at 55–57[,] * * * and absent special circumstances, *see e.g., Planet Corp. v. Sullivan,* 702 F.2d 123 (7th Cir.1983), the lack of notice requires that the default be set aside." *Muniz v. Vidal,* 739 F.2d 699, 701 (1st Cir.1984). The imposition of a sanction in this instance is not deemed the type of "special circumstance" pretermitting the necessity of such notice's being given.

■ First American argues that the summons and notice of trial, which notified Mr. Beckman that his failure to respond timely would result in entry of a judgment of default, sufficed as notice under the aforecited Civil Rule, *supra*. The notice given in those documents related only to Mr. Beckman's failure to appear; when he appeared, he became entitled to the required notice.

■ It is urged by First American in addition that the Bankruptcy Court possessed the power under 11 U.S.C. § 105 to enter *sua sponte* the judgment by default against Mr. Beckman. That such power is extant is beyond dispute.

■ As indicated hereinabove, entry of a judgment by default is a very drastic remedy, and this Court finds in this record no "extreme situation" necessitating its use for the comparatively minor delay caused by the appellant on one occasion when there was no hint of a contemptuous attitude toward the Court on his part. This Court must, and hereby does,

VACATE and set-aside the judgment by default of February 24, 1987 entered herein and remands this matter to the Bankruptcy Court of this District for further proceedings.