IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On-Briefs to the Western Section of the Court of Appeals
on March 30, 2007

## CUMMINS STATION, LLC v. ALLISON BATEY

**A Direct Appeal from the Circuit Court for Davidson County**
**No. 04C-3435    The Honorable Hamilton Gayden, Judge**

_____

**No. M2005-2508-COA-R3-CV - Filed on May 4, 2007**

_____

This case arises from a default judgment entered against Appellant for failure to comply with an Order to Compel. Appellant appeals. We affirm and remand for determination of damages for frivolous appeal.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Allison Batey Pro Se

Samuel F. Miller of Nashville, Tennessee for Appellee, Cummins Station, LLC

**OPINION**

On February 9, 2000, Allison Batey ("Defendant," or "Appellant") entered into a Lease Agreement with Cummins Station, L.L.C. ("Cummins," "Plaintiff," or "Appellee"), under which Lease Ms. Batey leased non-residential property from Cummins for use as a beauty salon. On October 7, 2004, Cummins filed a detainer warrant action in the General Sessions Court of Davidson County. On October 26, 2004, the general sessions court granted Ms. Batey a continuance to seek counsel. When Ms. Batey failed to appear at the rescheduled hearing, a default judgment was entered against her on November 15, 2004.

On November 17, 2004, Ms. Batey appealed the default judgment to the Circuit Court at Davidson County. On or about that same day, Ms. Batey was given notice that it was her "responsibility to take the necessary steps to have this case set on the docket within 45 days of its arrival in Circuit Court." When Ms. Batey failed to file a motion to set the matter, Cummins moved for entry of final judgment on January 13, 2005. On January 18, 2005, Ms. Batey filed a "Memorandum in Opposition to Motion to Enter Final Judgment,"along with the Affidavit of Ms.

Batey's counsel, Larry L. Crain, in support thereof. In his Affidavit, Mr. Crain asserts that neither he, nor Ms. Batey, received "written notice of the rule requiring that this case be set within 45 days of the appeal...." On the same day, Ms. Batey also filed a "Motion to Set" the matter for hearing. On January 24, 2005, Cummins filed a response in opposition to Ms. Batey's motion to set. The trial court held a hearing on the motion to enter final judgment and, by Order of February 3, 2005, denied the motion with the following conditions: "(1) that this case be set for trial as expeditiously as possible; and (2) that the defendant pay as sanctions the sum of $150.00 in attorney's fees to the plaintiff within five days of January 28, 2005."

On February 1, 2005, Cummins filed a motion to amend its Detainer Warrant to request additional damages. Leave was granted and the Amended Detainer Warrant was filed on March 28, 2005. The Amended Warrant requests damages in the amount of $30,224.27 plus attorney's fees and costs. On February 4, 2005, an "Agreed Order Setting Date for Trial" was filed, which Order set a hearing date of April 20, 2005.

On February 1, 2005, Cummins sent interrogatories and requests for production of documents to Ms. Batey. When Ms. Batey failed to respond within the prescribed time, Cummins filed a "Motion to Compel and Demand for Attorney's Fees" on March 28, 2005. On March 24, 2005, Ms. Batey's counsel filed a motion to withdraw, which motion was granted on April 29, 2005. On March 28, 2005, Ms. Batey moved the court for a continuance postponing her deposition, which was originally scheduled for March 28, 2005. On April 6, 2005, the trial court entered an "Agreed Order Rescheduling Date for Trial," which Order set the matter for hearing on June 7, 2005. On April 22, 2005, the trial court heard Cummins's motion to compel and granted same by Order of April 28, 2005. This Order reads, in relevant part, as follows:

> 1. Defendant/Appellant Allison Batey ("Defendant") is compelled and required to provide complete and thorough answers to the discovery requests served upon her counsel on or about February 1, 2005.
>
> 2. Defendant's responses to Plaintiff's discovery are due fifteen (15) days from the date of entry of this order.
>
> 3. Defendant shall pay to Plaintiff the amount of $270.00 for Plaintiff's attorney's fees resulting from the drafting and filing of Plaintiff's Motion to Compel and Demand for Attorney's fees and its attorney's attempts to resolve this discovery dispute.

On May 19, 2005, Cummins filed a "Motion for Entry of Default Judgment," which Motion reads, in pertinent part, as follows:

> 1. Defendant has not complied with this Court's order to compel entered on April 28, 2005. Pursuant to Tenn. R. Civ. P. 37.02,

Plaintiff is entitled to entry of a default judgment against Defendant because she has failed to comply with this order.

2. In the alternative, Defendant has not answered or otherwise responded to Plaintiff's amended detainer warrant filed with this Court on March 28, 2005. Pursuant to Tenn. R. Civ. P. 12.01 and 55.02, Plaintiff is entitled to a default judgment against Defendant because she has not timely filed an answer or otherwise responded.

This Motion was heard by the trial court on June 3, 2005. On June 7, 2005, the court entered an "Order Granting Motion for Entry of Default Judgment," which Order grants the motion for default judgment and orders Ms. Batey to pay $38,278.91 to Cummins.

On July 7, 2005, Ms. Batey filed a "Motion to Set Aside Default Judgment Ruling." An Amended Motion to Set Aside Default Judgment was filed on July 19, 2005. On July 29, 2005, Cummins filed a response to Ms. Batey's motion to set aside the default judgment. The trial court held a hearing on the amended motion on August 5, 2005. On August 11, 2005, the trial court entered an "Order Denying in Part and Granting in Part Defendant's Motion to Set Aside Default Judgment Ruling Entered on June 7, 2005," wherein the trial court denied Ms. Batey's request to set aside the default judgment and granted Ms. Batey's request to set aside the amount of damages "pending a hearing on the exact amount of damages." By Agreed Order of August 9, 2005, the damages hearing was set for September 26, 2005.

On September 26, 2005, Ms. Batey served Cummins with a "Countersuit" in the amount of ten million dollars ($10,000,000.00). By Order of September 30, 2005, the trial court denied Ms. Batey's motion to filed her counter-claim. The damages hearing proceeded on September 26, 2006. We note that there is no transcript nor statement of the evidence adduced at this hearing. By Order of October 3, 2005, the trial court entered an "Order Setting Amount of Default Judgment," which Order awards Cummins fifteen thousand dollars ($15,000.00) in damages.

Ms. Batey appeals and raises one the following issue for review as stated in her brief:

To be relieved of the financial obligation ordered by the Chancery Court since the:

1. Appellee broke into the Appellant's business.
2. Appellee did not honor the Appellant's privacy as a tenant.
3. Appellee constantly operated in breach of contract with the Appellant.

We perceive Ms. Batey's issue to be whether the trial court erred in entering a default judgment against Ms. Batey for failure to comply with the Order to Compel. Cummins raises the additional

issue of whether this appeal is frivolous and, as such, whether Cummins is entitled to recover the costs of defending same.

Rule 37.02 of the Tennessee Rules of Civil Procedure provides that a trial court faced with a party who fails to obey an order to provide discovery may render a judgment by default against the disobedient party. *See Yearwood, Johnson, Stanton & Crabtree, Inc. v. Foxland Development Venture*, 828 S.W.2d 412 (Tenn.Ct.App.1991). The Rule states:

> If a deponent; party; an officer, director, or managing agent of a party; or, a person designated under Rule 30.02(6) or 31.01 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or Rule 35, or if a party fails to obey an order entered under Rule 26.06, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Tenn. R. Civ. P. 37.02.

Although this sanction is extreme, it is appropriate "where there has been a clear record of delay or contumacious conduct." *In re Beckman*, 78 B.R. 516, 518 (M.D.Tenn.1987). The decision to grant or deny a default judgment as a sanction lies within the sound discretion of the trial court.

Rule 55.02 of the Tennessee Rules of Civil Procedure provides that a court may, for good cause shown, set aside a default judgment in accordance with Rule 60.02. Rule 60.02 of the Tennessee Rules of Civil Procedure sets forth the criteria the court should consider in deciding whether to set aside such a judgment. The Rule states in its entirety:

> Rule 60.02 Mistakes; Inadvertence; Excusable Neglect; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the

-4-

judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Tenn. R. Civ. P. 60.02.

The function of Rule 60.02 is "to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn.1976). Rule 60.02 operates as "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Fireman's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn.1990). However, "[b]ecause of the 'principle of finality,' the 'escape valve' should not be easily opened." *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn.1991) (quoting *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn.1991)). The disposition of motions under Rule 60.02 is best left to the discretion of the lower court, and such decisions are reversed only if they constitute an abuse of that discretion. *Spruce v. Spruce*, 2 S.W.3d 192, 194 (Tenn. Ct. App .1998) (quoting *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94 (Tenn.1993)).

To set aside a judgment under Rule 60.02, the burden is upon the movant to prove that she is entitled to relief, and there must be proof of the basis on which relief is sought. *See Brumlow v.. Brumlow*, 729 S.W.2d 103, 106 (Tenn.Ct.App.1986); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 186 (Tenn.Ct.App.1985). A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge. Accordingly, the scope of review on appeal is limited to whether the trial judge abused her discretion. *See Toney v. Mueller Co.*, 810 S.W.2d 145 (Tenn.1991); *Travis v. City of Murfreesboro*, 686 S.W.2d 68, 70 (Tenn.1985).

The Tennessee Supreme Court recently addressed the abuse of discretion standard in *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22 (Tenn.2005). In that Opinion, the Court states that "[a] trial court abuses its discretion when it applies an incorrect legal standard

or reaches a decision which is against logic or reasoning and which causes an injustice to the complaining party." *Id*. at 42.

The record in this case is replete with evidence to support the trial court's determination that Ms. Batey failed to cooperate with discovery efforts made by Cummins. Ms. Batey's pattern of delay began in the general sessions court with her declining to appear at the rescheduled hearing in that court. Upon her appeal to the Circuit Court, Ms. Batey failed to set the matter for hearing as required by the local rules. Ms. Batey was then ordered to pay $150.00 in sanctions and to set the matter as soon as possible. Thereafter, Ms. Batey refused to cooperate with Cummins's discovery efforts, forcing Cummins to file a motion to compel, which motion was granted by Order of April 22, 2005. This Order granted Ms. Batey an additional fifteen days in which to comply with discovery requests and, again, Ms. Batey was sanctioned–this time in the amount of $270.00. Despite these chances to comply, Ms. Batey still failed to answer discovery or to file an answer to the detainer warrant. In fact, the record reveals that it was Ms. Batey's refusal to respond to discovery that led to her attorney filing a motion to withdraw. On March 24, 2005, Mr. Crain, then attorney for Ms. Batey, sent a letter to Cummins's attorney, which letter reads, in pertinent part:

> After meeting with Ms. Batey yesterday to discuss her answers to your written discovery, I learned that she was not in a position at that time to respond. Based on our earlier conversation, I am left with no alternative but to file the enclosed Motion to Withdraw as her counsel....

From this correspondence, it appears that Ms. Batey knew that she was required to answer the discovery and yet, despite this knowledge, she continually refused to comply. As stated above, the trial court's decision refusing to set aside the default judgment can only be overturned upon a finding of abuse of discretion. Under *Roman Catholic Diocese of Nashville*, 154 S.W.3d at 42, a trial court abuses its discretion in one of two ways. *Id*. First, the trial court abuses its discretion if it applies an incorrect legal standard. *Id*. Here, the court used the default judgment as a sanction allowable under Tenn. R. Civ. P. 37.02. Further, the court did not apply an incorrect legal standard in refusing to grant relief under Tenn. R. Civ. P. 60.02. Second, the trial court abuses its discretion if it reaches a decision which is against logic or reasoning and which causes an injustice to the complaining party. *Roman Catholic Diocese of Nashville*, 154 S.W.3d at 42. Here, the trial court's decision was logical and reasonable. The trial court based its decision to uphold the default judgment on Ms. Batey's deliberate refusal to comply with discovery requirements, even after additional time for providing the discovery responses was granted. Therefore, the trial court did not abuse its discretion in either granting the motion for default judgment or in refusing to set aside same.

We note that Ms. Batey does not raise an issue concerning the award of $15,000.00 in this case. However, as noted above, we have no transcript or statement of the evidence adduced at the hearing on damages. When reviewing a case on appeal, the appellate courts rely upon the record, which sets forth the facts established as evidence in the trial court. *State Dep't of Children's Servs. v. Owens*, 129 S.W.3d 50, 56 (Tenn.2004) (citing Tenn. R. App. P. 13(c)). In this case, the record

of what transpired in the trial court is limited due to the lack of a transcript or statement of the evidence. The record on appeal in this case is, therefore, confined to what is referred to as the technical record. *Pro se* litigants are entitled to fair and equal treatment, but they are not excused from complying with the applicable substantive and procedural law. ***Paehler v. Union Planters Nat. Bank***, 971 S.W .2d 393, 396 (Tenn.Ct.App.1997). Therefore, in the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found in favor of Appellee. ***Leek v. Powell***, 884 S.W.2d 119 (Tenn.Ct.App.1996); ***Lyon v. Lyon***, 765 S.W.2d 75 (Tenn.Ct.App.1988). Consequently, we conclude that the award of damages in this case was supported by the evidence adduced at the hearing on same.

As noted above, Cummins asks this Court for a finding of frivolous appeal and for an award of costs and fees based upon that finding. It is well settled that "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals." ***Davis v. Gulf Insurance Group***, 546 S.W.2d 583, 586 (Tenn.1977).

From our review of the record in this case, we conclude that Appellant had no reasonable chance of success on the appeal, and it appears, from the history of the case, that this is another instance by the Appellant to delay the inevitable. Accordingly, we find that this is a frivolous appeal, and Appellee is entitled to damages incurred by virtue thereof.

Accordingly, the order of the trial court is affirmed, and this case is remanded to the trial court for a determination by the trial court of damages to be assessed against the Appellant. Costs of the appeal are assessed against the Appellant, Allison Batey, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.