IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 30, 2013

**AMERICAN EXPRESS CENTURION BANK v. JOHN LOWREY**

**Direct Appeal from the Circuit Court for Knox County**
**No. 1-180-10      Dale C. Workman, Judge**

**No. E2011-01247-COA-R3-CV-FILED-MARCH 11, 2013**

The trial court dismissed this case on the ground that the plaintiff credit card company failed to timely respond to discovery requests. We reverse, concluding that the trial court erred in dismissing the case without sufficient evidence of contumacious conduct on behalf of the plaintiff.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Michelle S. Moghadom, Brentwood, Tennessee, for the appellant, American Express Centurion Bank.

Bryan L. Capps, Knoxville, Tennessee, for the appellee, John Lowrey.

**OPINION**

**I. Background**

On April 12, 2010, Plaintiff/Appellant American Express Centurion Bank ("American Express") filed a complaint against Defendant/Appellee John Lowrey to recover $37,146.91, plus interest, to satisfy Mr. Lowrey's delinquent credit card account. Mr. Lowrey, acting *pro se*, filed an Answer to the complaint on May 28, 2010, denying the material allegations contained therein, and asserting the affirmative defense that the collection was barred by the Fair Debt Collections Act.

On September 7, 2010, American Express filed a Motion for Summary Judgment.

American Express attached to the motion a Statement of Undisputed Facts, an Affidavit of Debt from an agent of American Express regarding Mr. Lowrey's account, Mr. Lowrey's Credit Card Account Statement, and the Credit Agreement between Mr. Lowrey and American Express. The motion was scheduled to be heard on October 8, 2010.

On October 6, 2010, Mr. Lowrey filed a Notice of Dispute of Alleged Debt, including a sworn affidavit stating that the debt did not belong to him, as well as a Motion to Strike American Express's Affidavit of Debt. On the same day, Mr. Lowrey also filed a Motion to Dismiss American Express's action, arguing that American Express failed to show that it was the real party in interest or that the debt had been assigned to it. The crux of Mr. Lowrey's argument was that the plaintiff, American Express Centurion Bank, was not the holder of the debt, which instead was held by American Express Bank FSB. A hand-written note on the motion states that the motion was "[n]ot noticed by the Court." Finally, also on October 6, 2010, Mr. Lowrey filed his First Set of Interrogatories, Request for Admissions, and Request for Production of Documents. According to a later pleading filed by American Express, however, the discovery requests were served on American Express on September 6, 2010. The parties agree that American Express appropriately responded to Mr. Lowrey's Request for Admissions; instead, the dispute in this case concerns the Request for Production of Documents and the Interrogatories.

The hearing on American Express's Motion for Summary Judgment was held on October 8, 2010. According to both parties, no representative for American Express attended the hearing. Thus, the motion for summary judgment was not argued at that time. The record is unclear as to what occurred at the hearing as no transcript is contained in the record. At some point, American Express became convinced that the trial court granted Mr. Lowrey's motion to dismiss, although the motion apparently was not noticed for hearing and was not filed until two days prior to the hearing.[1] Mr. Lowrey, however, denies that such action occurred. No order was entered as a result of this hearing. On October 20, 2010, however, American Express filed a Motion to Set Aside the Dismissal, arguing that the trial court erred in granting Mr. Lowrey's motion to dismiss. From our review of the record, Mr. Lowrey's initial motion to dismiss was never heard by the trial court. American Express's motions were again set for hearing.

---

[1] Rule 6.04 of the Tennessee Rules of Civil Procedure provides that a litigant is entitled to five days written notice prior to a hearing on a written motion. Accordingly, Mr. Lowrey's motion, filed on October 6, 2010, could not have been heard on October 8, 2010. *See generally* **Carbone v. Blaeser**, No. W2012-00670-COA-R3-CV, 2012 WL 5503862, at *3–5 (Tenn. Ct. App. Nov. 14, 2012) (for an in-depth discussion of the requirements of Rule 6.04).

On October 29, 2010, Mr. Lowrey filed a motion for extension of time to respond to the Motion for Summary Judgment and the motion to set aside the dismissal. As grounds for his motion for extension of time, Mr. Lowrey alleged health problems. The record does not contain an order allowing an extension. On December 9, 2010, Mr. Lowrey filed a pleading entitled Objection to Motion for Summary Judgment, in which he argued that disputed issues of material fact precluded summary judgment. In addition, Mr. Lowrey objected to summary judgment on the ground that discovery had not been completed, as American Express had failed to respond to his Interrogatories and Request for Production of Documents.

On December 10, 2010, Mr. Lowrey filed a Motion to Compel American Express to answer his outstanding discovery requests. Mr. Lowrey alleged that he had propounded discovery requests on September 6, 2010 and that American Express had failed to respond for a period of over three months. The trial court granted the motion to compel on January 27, 2011. The trial court ordered that American Express "fully respond to the Request for Documents and Interrogatories no later than February 15, 2011."

On February 15, 2011, American Express responded to Mr. Lowrey's Request for Production of Documents. To most of the requests, American Express responded that the pertinent documents had been attached to its Motion for Summary Judgment. American Express also objected to many requests as vague, ambiguous, or protected by privilege. No additional documents were produced by American Express in response to the requests. Some of the requests included requests that American Express provide the "original dunning letter" as well as the agreement between American Express and its counsel, giving counsel authority to collect the debt. As of the February 15, 2011 deadline, however, American Express had not yet responded to Mr. Lowrey's Interrogatories.

On February 18, 2011, Mr. Lowrey filed a Motion to Dismiss, or Alternatively, for Rule 37 Sanctions. The motion alleged that American Express failed to respond to the Interrogatories in a timely fashion. A hearing on Mr. Lowrey's Motion to Dismiss was held on February 25, 2011. According to American Express, it hand-delivered its responses to Interrogatories to Mr. Lowrey on the date of the hearing, which delivery was delayed due to a clerical mistake. No transcript of the hearing is contained in the record. Both parties agree, however, that the trial court orally ruled to dismiss American Express's action based on its failure to comply with discovery requests. However, no order was entered dismissing the case. Accordingly, on March 25, 2011, American Express filed a Motion to Continue Litigation for Want of Order, or, in the Alternative, a Motion to Alter or Amend Oral Judgment. According to the motion, the delay in responding to Mr. Lowrey's Interrogatories was caused by American Express's inadvertent failure to sign the oath on the interrogatory responses. Accompanying the motion was a sworn oath from American Express's custodian

of records supporting American Express's allegations, as well as a copy of American Express's Responses to Mr. Lowrey's Interrogatories.

On March 31, 2011, the trial court entered an order granting Mr. Lowrey's Motion to Dismiss. The order stated that:

> This matter is before the court on [Mr. Lowrey's] motion to dismiss for failure to comply with discovery orders. The court heard oral arguments on January 14, 2011 regarding [Mr. Lowrey's] request for discovery. The court advised counsel for [American Express] that avoidance of discovery would not be tolerated by the court. When asked counsel for [American Express] when he would complete discovery, counsel for [American Express] advised thirty days. The discovery was ordered to be completed in the allotted time.
> As of the hearing on February 25, 2011, the counsel for [American Express] presented no proof that discovery was completed in the allotted time. In addition[,] the court had not received any evidence that the order to compel had been complied with. The [trial court] questioned counsel appearing for [American Express], and he offered no answer or objections. Case was dismissed with prejudice.
> The Defendant's request for discovery was over one hundred and fifty days past due. It is the order of the court that this case is dismissed with prejudice, with all costs taxed to [American Express].

The trial also entered an order denying American Express's Motion to Alter or Amend on May 17, 2011. American Express filed a timely Notice of Appeal, raising a single issue, rephrased from American Express's brief: "Whether the trial court abused its discretion in dismissing American Express's case with prejudice pursuant to Rule 37.02(C) of the Tennessee Rules of Civil Procedure for failing to timely respond to discovery?"

## II. Standard of Review

Appellate courts review a trial court's decision to impose sanctions and its determination of the appropriate sanction under an abuse of discretion standard. ***Alexander v. Jackson Radiology Assoc., P.A.***, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004) (citing ***Lyle v. Exxon Corp.***, 746 S.W.2d 694, 699 (Tenn. 1988)). An abuse of discretion occurs where the trial court has applied an incorrect legal standard or where its decision is illogical or

unreasoned and causes an injustice to the complaining party. *Id.* (citing *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004)). Discretionary decisions, however, "are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007) (quoting Martha S. Davis, *Standards of Review: Judicial Review of Discretionary Decisionmaking*, 2 J.App. Prac. & Process 47, 58 (2000) (citations and internal quotation marks omitted)). Thus, an abuse of discretion may be found "'when the trial court has gone outside the framework of legal standards or statutory limitations, or when it fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination.'" *Lewis*, 235 S.W.3d at 141 (quoting 2 J.App. Prac. & Process at 59). We will not overturn the trial court's decision merely because reasonable minds could reach a different conclusion. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

## III. Analysis

Before considering the substantive issue raised in this case, we must first discuss the state of the record on appeal. Although it is unclear from the record, American Express, at some point after filing its notice of appeal, filed a Statement of the Evidence, to be approved by the trial court in accord with Rule 24 of the Tennessee Rules of Appellate Procedure.[2] On August 31, 2011, Mr. Lowrey filed several objections and motions to strike portions of the Statement of the Evidence filed on behalf of American Express.[3] In addition, Mr. Lowrey

---

[2] Rule 24(c) of the Tennessee Rules of Civil Procedure provides, in pertinent part:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. . . .

[3] While Mr. Lowrey represented himself throughout the trial court proceedings, he retained counsel after the final order was entered in this case. Accordingly, Mr. Lowrey was represented by counsel during
(continued...)

proffered his own Statement of the Evidence. On April 20, 2012, the trial court entered an order granting Mr. Lowrey's objections. The trial court, however, did not expressly approve Mr. Lowrey's proffered Statement of the Evidence. Thus, we conclude that the trial court adopted American Express's Statement of the Evidence subject to Mr. Lowrey's objections. American Express's Statement of the Evidence, however, is not contained in the record, in either its original or modified form. Accordingly, the record on appeal contains no transcript or properly-approved Statement of the Evidence. As American Express is the appellant in this case, it has the obligation to provide this Court with a fair, accurate, and complete account of what transpired in the trial court. *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005). "The duty to see to it that the record on appeal contains a fair, accurate, and complete account of what transpired with respect to the issues being raised on appeal falls squarely on the shoulders of the parties themselves, not the courts." *Trusty v. Robinson*, No. M200-01590-COA-R3-CV, 2001 WL 96043, at *1 (Tenn. Ct. App. Feb. 6, 2001) (citing Tenn. R. App. P. 24(b); *State v. Ballard*, 855 S.W.2d 557, 560–61 (Tenn. 1993); *Realty Shop, Inc. v. RR Westminister Holding, Inc.*, 7 S.W.3d 581, 607 (Tenn. Ct. App.1999)). Generally, when the Appellant fails to provide the Court with a transcript or Statement of the Evidence, this Court must presume that the trial court's decision is correct. This Court in *Outdoor Management LLC v. Thomas*, 249 S.W.3d 368 (Tenn. Ct. App. 2007), explained:

> It is well settled that, in the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the Trial Court to support its judgment and this Court must therefore affirm the judgment.

*Id.* at 377; *see also Reinhart v. Geico Ins.*, No. M2009-01989-COA-R3-CV, 2010 WL 3852048, at *6 (Tenn. Ct. App. Sept. 28, 2010) (noting that abuse of discretion review was impossible in the absence of a transcript or Statement of the Evidence).

This Court has held, however, that even without a properly perfected record, it is appropriate to consider those issues where appellate review is not hindered by the absence of a transcript or statement of the evidence. *See Chandler v. Chandler*, No. W2010-01503-COA-R3-CV, 2012 WL 2393698, at *7–*8 (Tenn. Ct. App. June 26, 2012). Thus, issues that are not "highly fact-specific" and do not require "a careful review of the evidence presented to the trial court" may properly be considered. *Id.* at *9. The issues in this case involve the facts and chronology surrounding a discovery dispute. The appellate record contains five volumes that outline the chronology and pleadings filed in the trial court. Both American Express and Mr. Lowrey supplemented the record on appeal to include additional documents

---

[3](...continued)
the dispute regarding the Statement of the Evidence and throughout this appeal.

pertaining to the discovery issues disputed in the trial court. From our review of the record, we conclude that appellate review is not rendered impossible by the lack of transcript or Statement of the Evidence. Accordingly, we will go forward to consider the substantive issue raised in this appeal. However, we caution litigants that "while in this case we chose to proceed with our review despite the fact that the parties chose not to abide by the rules of this Court, we cannot say we will be so accommodating and choose to do the same in the future." *Wells v. Wells*, No. W2009-01600-COA-R3-CV, 2010 WL 891885, *4 (Tenn. Ct. App. 2010).

Turning to the issue presented in this case, American Express argues that the trial court abused its discretion in dismissing its case based on American Express's delay in responding to discovery requests from Mr. Lowrey. After thoroughly reviewing the technical record in this case, we agree. Under Rules 37.04 and 37.02(C) of the Tennessee Rules of Civil Procedure, the trial court is expressly authorized to dismiss an action for failure to abide by discovery rules. *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982). Rule 37.04 states that, if a party fails to serve answers or objections to interrogatories, the trial court may enter such orders as are just, and may take any action authorized in Rule 37.02(C). *See* Tenn. R. Civ. P. 37.04. Rule 37.02(C) provides that the trial court may, among other things, enter an order "dismissing the action or proceeding or any part thereof." Tenn. R. Civ. P. 37.02(C). "Dismissal is a harsh sanction." *Holt*, 638 S.W.2d at 394. "Although this sanction is extreme, it is appropriate 'where there has been a clear record of delay or contumacious conduct.'" *Shahrdar*, 983 S.W.2d at 236 (quoting *In re Beckman*, 78 B.R. 516, 518 (M.D. Tenn.1987)). The purpose of such a rule is to punish those who disobey discovery orders, and to deter those who might disregard such orders in future cases. *Holt*, 638 S.W.2d at 394. However, "lesser sanctions are generally favored where the neglect and defalcations are more attributable to the attorney than to his client." *Mills v. Bank of Roane County*, 1991 WL 126553, at *2 (Tenn. Ct. App. July 15, 1991).

As previously discussed, a trial court's decision to dismiss an action on the basis of discovery abuse is reviewed under the abuse of discretion standard. *Alexander*, 156 S.W.3d at 14. A trial court acts outside its discretion in dismissing a case for discovery abuse when there is no record of "willful or dilatory conduct," *Pegues v. Illinois Cent. R. Co.*, 288 S.W.3d 350, 351 (Tenn. Ct. App. 2008), or when the non-moving party's failure to respond to discovery was not sufficiently "contumacious." *Murray v. Christian Methodist Episcopal Church*, 153 S.W.3d 371 (Tenn. Ct. App. 2004). Contumacious is defined as "scornful" or "recalcitrant." Bryan Garner, A Dictionary of Modern Legal Usage 220 (2nd ed. 1995); *see also Galde v. Keritsis*, No. 03A01-9807-CH-00228, 1999 WL 496630, at *3–*4 (Tenn. Ct. App. July 15, 1999) (characterizing the conduct as "egregiously scornful of the judicial process"). Indeed, the word is described as a synonym for "contemptuous." Modern Legal Usage, at 220. Black's Law Dictionary further defines "contumacious conduct" as

"[w]illfully stubborn and disobedient conduct, commonly punishable as contempt of court." Black's Law Dictionary 298 (5th ed. 1979). "Dilatory," in contrast, simply means "tending to cause delay." Modern Legal Usage, at 277; *see also* Black's, at 411 (defining "dilatory" as "[t]ending or intended to cause delay or to gain time or to put off a decision"). Accordingly, in order to justify the harsh result of dismissal, the party's actions in failing to timely respond to discovery must both tend to cause a delay and be "scornful" or "willfully stubborn."

The question of whether conduct was sufficiently contumacious to justify the dismissal of a case has been previously considered by this Court. *See **Murray v. Christian Methodist Episcopal Church***, 153 S.W.3d 371 (Tenn. Ct. App. 2004). In ***Murray***, the plaintiff contractor filed a complaint for damages on May 17, 2000 against the defendant church to recover amounts owed for construction work on property that was allegedly owned by the church. *Id.* at 373. The contractor filed interrogatories concurrent with his complaint. The Church, however, attempted to resist service of process on the complaint and interrogatories, claiming that it was not the owner of the property at issue. The church was eventually served through the Secretary of State after the Secretary of State threatened to resolve its charter if it did not accept service of process. The contractor filed a motion for a default judgment on November 7, 2000, alleging that the church had failed to timely file an answer. *Id.* at 374. The Church filed an answer on November 15, 2000, alleging that the contractor failed to join an indispensable party, the true owner of the property. On November 21, 2000, the contractor filed a motion to compel, asserting that the church failed to respond to any of his discovery requests. The contractor requested that he be granted a default judgment against the church for its failure to respond to discovery. On December 14, 2000, the church filed its discovery responses, in which it asserted that no employees or agents had knowledge of the facts of the case because the church was not the true owner of the property at issue. The Church objected to other requests on the bases that the requests were broad, vague, or placed too onerous a burden on the church. Also on December 14, 2000, the church filed a motion to dismiss the complaint, arguing that it was not a proper party.

On December 19, 2000, the trial court entered an order denying both the contractor's motion to compel and the motion for default judgment. The trial court, however, did express displeasure at the church's conduct, stating: "the [church] failed to file an Answer in a timely manner and further failed to answer discovery in a timely manner and this Court finds no legal justification or factual basis that possibly serve as an excuse for the conduct of the [church]." The trial court later denied the church's motion to dismiss. *Id.* at 374–75. On August 29, 2001, the contractor again filed a motion to compel discovery and for sanctions. The motion argued that the church had failed to properly respond to discovery because it had refused to fully answer questions in the interrogatories, instead stating that it had no knowledge of the facts alleged in the case. On September 4, 2001, the contractor

propounded a second set of interrogatories upon the church. On September 14, 2001, the trial court entered an order requiring the church to fully answer both outstanding discovery requests by September 28, 2001. The trial court deferred the grant of sanctions pending the final outcome of the litigation. Prior to the expiration of the deadline provided in its previous order, however, the trial court held a status conference with the parties. After the conference, a transcript of which was not contained in the record, the trial court granted the motion to compel and awarded sanctions against the church, to be set at a later hearing. The trial court also allowed the church's attorney to withdraw and granted the church an additional five days to answer the discovery requests. The church failed to respond to any of the discovery requests. The church later alleged that any further responses would be futile since the church was not a proper party to the action. *Id.* at 375.

On October 10, 2001, the trial court held a hearing on the award of sanctions. Again, no transcript of the hearing was contained in the record. The trial court first concluded that the church's original discovery responses were "inadequate, incomplete, evasive, and amounted to a complete failure to respond." *Id.* at 376. The trial court further concluded that having failed to respond to the additional discovery propounded by the contractor, the church "engaged in a clear pattern of discovery abuse, stonewalling, and delay throughout this litigation." *Id.* Consequently, the trial court granted a default judgment in favor of the contractor and an order was entered memorializing that ruling on October 15, 2001. The trial court later awarded both compensatory and punitive damages to the contractor. *Id.*

On appeal, the church argued that the sanction imposed by the trial court was too harsh considering the particular facts of the case. *Id.* at 377. This Court agreed, noting that "[u]nder caselaw, it is clear that the issue of whether the grant of a default judgment was justified under the 'clear record of delay or contumacious conduct' standard is determined on a case by case basis." *Id.* at 378. The Court further noted that, in other cases in which the trial court's grant of default was affirmed, the failure to respond to discovery was: repeated, *see Galde*, 1999 WL 496630, at \*3–\*4; without any excusable neglect, *see American Steinwinter Investor Group v. American Steinwinter, Inc.,* 964 S.W.2d 569, 574 (Tenn. Ct. App. 1997); involved perjured discovery responses, *see Potts v. Mayforth*, 59 S.W.3d 167, 172 (Tenn. Ct. App. 2001); or resulted in a delay for over a year. *See Shahrdar v. Global Hous., Inc.*, 983 S.W.2d 230, 233 (Tenn. Ct. App. 1998). The Court of Appeals held that, although the case presented a "close question," the facts did not rise to the level of contumacious conduct required to justify such a harsh sanction. *Murray*, 153 S.W.3d at 378. The Court explained that the church consistently maintained that it was not a proper party to the suit, and that, at the time of the first motion to compel, the church was guilty of "little discovery misconduct" because it had filed, albeit belatedly, its answer and original discovery responses. In addition, the Court noted that the inadequacy of the church's responses was not raised by the plaintiff contractor until August 2001, nearly eight months

after the church responded to discovery and the only order granting a motion to compel was entered when the church was effectively without counsel. The Court further disagreed with the trial court's characterization that the church had entered into a calculated scheme to stonewall the contractor's litigation. *Id.* at 380–81.

The circumstances in this case similarly fail to rise to the level of contumacious conduct found in other cases in which the trial court's dismissal or default judgment was affirmed on appeal. For example, unlike in *Shahrdar*, in which the case was delayed for over eighteen months by the conduct of the defendant, this case was delayed less than four months from the time the discovery was due to the time that the case was orally dismissed by the trial court. *Shahrdar*, 983 S.W.2d 233. Indeed, the case-at-bar fails to even rise to the level of delay found in *Murray*. In *Murray*, the church was approximately six months late responding to the first set of discovery requests and never responded to the second request propounded by the plaintiff contractor. *Murray*, 153 S.W.3d at 376–8. In this case, the record shows that American Express did respond to the discovery requests, albeit approximately four months late. Indeed, the record shows that American Express responded to Mr. Lowrey's Request for Production of Documents within the time allotted by the trial court after the order on the motion to compel. Only the responses to the Interrogatories were delayed, and only for a short time after the deadline expired. Although Mr. Lowrey asserts that the responses ultimately submitted by American Express were inadequate, this contention is unsupported in the record, as the trial court never entered an order stating that the responses proffered by American Express were insufficient. Further, while the trial court granted the default judgment in *Murray* after both the discovery and the entire case languished for sixteen months, only approximately eleven months passed between the filing of the complaint and the entry of the order dismissing the case-at-bar, and a mere five months passed between the time Mr. Lowrey's discovery requests were served on American Express and when the case was eventually dismissed.

Additionally, unlike the party in *Steinwinter*, American Express did offer an explanation for its failure to timely return the interrogatory responses, through the affidavit of American Express's custodian of records. This affidavit tends to show that the delay in returning the responses was the result of excusable neglect. *See Steinwinter,* 964 S.W.2d at 574. American Express also offered another explanation for its failure to respond to discovery; according to American Express, many of the pertinent documents regarding this case were originally filed along with its Motion for Summary Judgement on September 7, 2010, one day after American Express received Mr. Lowrey's discovery requests. Accordingly, as in *Murray*, American Express asserted that it had no additional documents to produce. *See Murray*, 153 S.W.3d at 378. Indeed, from our review of the record, some of the documents produced by American Express in support of its Motion for Summary Judgment are responsive to Mr. Lowrey's discovery requests, including requests regarding

the original contract and account statements. The Motion for Summary Judgment, and its accompanying documentation, were filed well within the thirty-day time period for responding to discovery. Although the documents are relevant to many of Mr. Lowrey's discovery requests, the proffered documents fail to fully respond to all of Mr. Lowrey's discovery requests, specifically his Interrogatories; however, these documents show that American Express was not withholding documents from Mr. Lowrey in an attempt to be "evasive," "stubbornly willful," or to "stonewall[]" Mr. Lowrey's defense. *See Id.* at 376; Black's Law Dictionary, at 298. While we agree that American Express acted inappropriately in defying the trial court's order to fully respond to discovery within the given time frame, the facts of this case simply do not rise to the level of contumacious conduct required to justify dismissal with prejudice. Accordingly, the trial court's order is reversed and this cause is remanded to the trial court for further proceedings as may be necessary and consistent with this opinion. Costs of this appeal are taxed to Appellee John Lowrey, for which execution may issue, if necessary.


_____
J. STEVEN STAFFORD, JUDGE