FILED
07/23/2020
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2019 Session

## THE METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY, TENNESSEE v. PRIME NASHVILLE, LLC

**Appeal from the Circuit Court for Davidson County**
**No. 17C2441        Amanda Jane McClendon, Judge**

———————————————————

**No. M2019-00564-COA-R3-CV**

———————————————————

This is an action to enforce a citation from the Codes Department of the Metropolitan Government for operating a short-term rental property without a permit. The owner of the property appeals the default judgment entered as a sanction for failing to comply with the trial court's order granting a motion to compel discovery. Upon a thorough review of the record, we have determined that the trial court did not abuse its discretion in entering the judgment as a sanction; accordingly, we affirm the judgment in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Bennett J. Wills, Brian T. Boyd, and R. Brenton Urick, Brentwood, Tennessee, for the appellant, Prime Nashville, LLC.

Jon Cooper, Director of Law; Lora Barkenbus Fox and Catherine J. Pham, Metropolitan Attorneys, for the appellees, Metropolitan Government of Nashville & Davidson County.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

In this case, we review the grant of default judgment as a sanction for failure to comply with the trial court's order compelling discovery. On April 24, 2017, the Codes Department of the Metropolitan Government of Nashville and Davidson County ("Metro") issued a citation to Prime Nashville, LLC ("Prime"), owner of property located at 1116 Fatherland Street in Nashville, for violation of Metro Code § 17.16.250.E.1.a, by operating

and advertising the short-term rental property ("STRP") without a permit. At the hearing in the Environmental Court of the Davidson County General Sessions Court September 19, 2017, the judge recused herself on motion of Prime, and the case was transferred to Davidson County Circuit Court for further proceedings.

On October 23, 2017, Metro served interrogatories, requests for production of documents, and requests to admit on Prime, to which Prime responded on November 27. Metro amended the complaint on December 1, 2017. The Amended Complaint, *inter alia*, sought a $50 fine for each day that the property was advertised and/or operated, a waiting period of three years for 1116 Fatherland Street to become eligible for an STRP permit, and a permanent injunction prohibiting Prime Nashville from operating and/or advertising the property without the proper permit. Prime answered the amended complaint.

On March 9, 2018, Metro sent a letter to Prime identifying deficiencies in certain of Prime's responses to interrogatories and requests for production of documents; Metro requested complete responses by April 6, 2018. Prime did not provide further responses, and on June 22, Metro moved pursuant to Tennessee Rule of Civil Procedure 37.01 for an order compelling Prime to respond to the discovery requests. On July 9, Prime responded to the motion and supplemented its responses for some, but not all, of the interrogatories and to the requests for production. The trial court heard the motion on July 13 and entered an order granting the motion on July 26, ordering Prime to provide complete responses to Metro's discovery requests by August 22. Prime did not provide additional responses by the August 22 deadline.

On September 21, 2018, Metro filed a Motion for Default pursuant to Rule 37.02, asserting that Prime had failed to comply with the order compelling discovery. Prime responded to the motion, arguing that it had sufficiently responded to discovery requests and that default judgment was not an appropriate sanction. Following a hearing, the court granted the motion and entered a judgment in the amount of $22,900.00, along with other relief. Prime's Motion to Alter or Amend Default Judgment was denied. Prime now appeals. The sole issue presented for our review is whether the trial court abused its discretion under Tenn. R. Civ. P. 37 when it sanctioned Prime by striking its answer and entering a default judgment, after finding Prime failed to comply with the court's discovery order.

## II. ANALYSIS

Tennessee Rule of Civil Procedure 37 prescribes penalties and provides guidelines for imposing penalties for violation of pretrial procedures contained in the rules governing discovery. *See* Advisory Commission Comment, Tenn. R. Civ. P. 37 ("While the penalties provided for herein probably lie within the inherent power of a trial court, it was felt desirable to suggest guidelines for appropriate action under the various circumstances mentioned in the Rule."). Rule 37.01 provides that a party may apply for an order to

compel discovery when an opposing party fails to answer an interrogatory or gives an evasive or incomplete answer to an interrogatory. Rule 37.02 provides a range of sanctions for failure to comply with a motion to compel; pertinent to the issue in this appeal, Rule 37.02(C) provides:

> **37.02. Failure to Comply with Order.**—If a deponent; a party; an officer, director, or managing agent of a party; or, a person designated under Rule 30.02(6) or 31.01 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or Rule 35, or if a party fails to obey an order entered under Rule 26.06, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

The grant of default judgment as a sanction for failure to obey an order to compel discovery is appropriate where there has been a "clear record of delay or contumacious conduct." *Shahrdar v. Global Hous., Inc.*, 983 S.W.2d 230, 236 (Tenn. Ct. App. 1998) (citing *In re Beckman,* 78 B.R. 516, 518 (M.D. Tenn. 1987)). When a trial court enters a default judgment as a sanction for discovery abuses, we will reverse that decision only if the trial court has abused its discretion. *Murray v. Christian Methodist Episcopal Church*, 153 S.W.3d 371, 377 (Tenn. Ct. App. 2004) (citing *Brooks v. United Uniform Co.,* 682 S.W.2d 913, 915 (Tenn. 1984); *Shahrdar*, 983 S.W.2d at 236). The "abuse of discretion standard" is set forth in *Lee Med., Inc. v. Beecher*:

> The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. It reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives. Thus, it does not permit reviewing courts to second-guess the court below . . . or to substitute their discretion for the lower court's. . .
>
> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical

or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness.

312 S.W.3d 515, 524–25 (Tenn. 2010) (internal citations omitted).

Guided by the framework of analysis set out in *Lee Med., Inc. v. Beecher*, we first examine whether the evidence in the record provides a factual basis for the trial court's decision that Prime's failure to provide discovery responses was done to thwart or delay the discovery process.[1]

In compliance with Rule 22.08 of the Rules of the 20th Judicial District and Rule

---

[1] In the order granting Metro's motion, the trial court set out the factual history and found that Prime had "repeatedly failed to respond adequately to Metro's discovery responses in spite of an order from this Court requiring it." Further, the order stated:

> The Court finds that Prime Nashville LLC's failure to provide discovery responses is for the purpose of thwarting or delaying the discovery process, not through the fault of their attorney but through that of the client. As a sanction for their failure to provide full and complete discovery responses, specifically pursuant to an order of this Court, the Court hereby strikes the Answer filed by Prime Nashville, LLC and grants a default judgment to Metro.
>
> Prime Nashville LLC is hereby ordered to pay a $50/day fine for 458 days for every day they advertised and/or operated the property located at 1116 Fatherland Street in Nashville, Tennessee as a short term rental property without obtaining the proper permit as required by Metropolitan Code of Laws §§ 17.40.610 and 17.16.250.E.4.l.vi for a total of $22,900.
>
> Further, the property at 1116 Fatherland Street is not eligible for an STRP permit for three years from the date of entry of this order pursuant to Metropolitan Code of Laws § 17.16.250.E.4.1.vi.
>
> Finally, Prime Nashville, LLC is hereby permanently enjoined from advertising and/or operating 1116 Fatherland Street without a proper permit from the Metro Codes Department.

37.01 of the Rules of Civil Procedure, Metro made good faith efforts to resolve the discovery disputes prior to filing the motion to compel discovery.[2] Metro's counsel's efforts were memorialized in a declaration filed with the motion, along with the pertinent discovery documents and correspondence. First, Metro sent a letter to Prime on March 9, 2018, identifying deficiencies in Prime's responses to Metro's interrogatories and requests for production. Having received no new responses following the March 9 letter,[3] Metro's counsel emailed Prime's counsel on June 4 to inform him that Metro would file a motion to compel discovery if the requested discovery was not received by the end of the day. When Prime's counsel responded by email that he was attempting to get the required information and documentation from his clients, Metro's counsel opted to delay filing a motion. Notwithstanding counsel's attempts, Prime did not provide further responses. On June 14 Metro's counsel again emailed Prime's counsel stating that Metro would file a motion to compel on June 22 if Prime's responses were not received by June 21. Prime did not meet that deadline. The trial judge heard argument on the motion, held that Metro's discovery requests were relevant and the responses inadequate, and ordered Prime to respond. The factual basis for the grant of the motion to compel is supported by the record, and we proceed to discuss the motion for sanctions that led to the default judgment.

In the motion for default, Metro's counsel advised the court that, since the hearing on the motion to compel, two Metro attorneys had "contacted the defendant's counsel regarding the discovery responses; however as of the filing of this motion, no responses have been provided." Prime filed a response to the motion, essentially taking the position that the supplemental responses to discovery that Prime had submitted to Metro on July 9 were sufficient and rendered the motion to compel moot.[4] Prime attached to its response a copy of the responses to discovery that had been submitted on July 9 and a copy of an email

---

[2] Rule 22.08 of the Rules of the 20th Judicial District requires the party moving for an order to compel to have made a good faith attempt to resolve the dispute prior to making the motion.

[3] After the March 9 letter, there was some email communication between counsel regarding a flash drive that Prime had provided during the General Sessions case. However, the declaration of Metro's counsel attests that counsel had reviewed the flash drive prior to sending the letter.

[4] At argument on the motion for default Prime's counsel stated:

> We did respond to the initial discovery late last year. They did, Metro did, send a detailed dispute letter. And then in the interim they filed a motion to compel, which was granted on June 22, I believe. And a few days before that, as counsel said, we sent over a large supplemental discovery. It was over 200 pages. We attached that as Exhibit A to our response. We omitted the 200-plus documents for efficiency sake. Then Your Honor's order followed.
> It's our position that the motion to compel was really mooted at that point, but we went though with it anyways. Mr. Boyd [associate counsel for Prime] filed a - - or provided a second supplement on September 11th. And then with the communications with Ms. Pham - - I've seen the email from Ms. Pham to Mr. Boyd, it didn't come to me, but it was just a one-line e-mail saying it's still not good enough.

sent to Metro's counsel on September 11 stating "Please see the attached rental history for the property in question."[5]

On the basis of the foregoing, we conclude there is a factual basis for the holding that Prime repeatedly failed to respond adequately to discovery, and that the purpose of the failure was to avoid enforcement of the ordinance, given that the nature of the action is to enforce an ordinance requiring a permit to operate an STRP and the information sought related directly to the rental history for the property.

Our next inquiry is whether the trial court identified and applied the appropriate legal principles. At the hearing, after the argument of counsel, the court held:

> So, I do find that the repeated failure to respond adequately to the discovery, specifically pursuant to the order requiring a complete response by August 22nd, is for the purpose of thwarting or delaying. I have no problem with the attorney. And I do believe you when you say you've provided everything your client has given you, but I think your client's the one that the sanctions are going against. And so I will strike the answer to the amended complaint and grant a default judgment. I think this falls fully within the parameters of the case that both parties have cited, that it's being done for the purpose of thwarting so they can continue to make money. And it's for the purpose to evade or thwart full and candid discovery.

Significant to our analysis is the trial court's holding that Prime repeatedly failed to respond adequately to discovery requests with the purpose of thwarting or delaying prosecution of the case, and that Prime's motive was to make money during the delay. In imposing sanctions on Prime, the court considered the nature of the action to enforce the ordinance; the unexplained delay in providing complete responses initially, which led to the order to compel; the failure to comply with the order to compel; and the reason and purpose for not complying. These are appropriate legal principles to consider under the facts presented, and are consistent with the purpose of Rule 37 to vindicate the court's authority and ability to intervene in inappropriate behavior while supervising the discovery

---

[5] The attachment referred to in the email is not included in the record on appeal. At the hearing on the motion Metro's counsel stated the following with respect to the document:

> Here we are today, we have not received any initial - - any supplemental responses. I shouldn't say any. They did - - they provided one page. It's a spreadsheet that appears to have been - - I'm not sure if their office created it or if the defendant, a representative of the LLC created it. They really didn't tell us. They just sent - -
> THE COURT: Was that in response to an interrogatory or was that - -
> Ms. Lamb: I'm not actually sure. . . . We let them know that we can't - - not only is there an order that we're not waiving and we're not agreeing not to comply with or abide by, but we can't settle this unless we have the full - - at the very least the full transaction history, which they have not provided.

process.

Finally, we consider whether the decision was within the range of acceptable alternative dispositions. Rule 37.02 provides a range of alternatives for a court in considering to impose sanction for failure to comply with an order governing discovery; Rule 37.02(c) specifically allows for striking the pleadings of and rendering a default judgment against a party who fails to comply with a discovery order.

The abuse of discretion standard reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives, *Lee Med., Inc.*, 312 S.W.3d at 524, and while "reasonable judicial minds can differ concerning [its] soundness, the trial court's determination of the appropriate sanction will be set aside only where the court 'has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence." *Boles v. Nat'l Dev. Co., Inc.*, 175 S.W.3d 226, 244 (Tenn. Ct. App. 2005) (quoting *Alexander v. Jackson Radiology Associates, P.A.,* 156 S.W.3d 11, 15 (Tenn. Ct. App. 2004)). We find no such error here.

The record in this case shows that Prime delayed responding to discovery without explanation, left several interrogatories and requests for production unanswered, and in some instances made specious, boilerplate objections to relevant requests. Prime made an eleventh-hour attempt to supplement discovery only after Metro moved to compel; even then, some interrogatories were not answered and other answers remained incomplete. In the three months between the entry of the order to compel and the hearing on default judgment, Prime neither complied with nor sought relief from the order. At the hearing on the motion for default, Prime did not have an acceptable reason for its failure but, rather, attempted to relitigate the issue that led to the motion to compel, an explanation the court had already rejected. *See* footnote 4*, supra.* Upon the record presented, Prime's conduct was contumacious, rendering a default judgment an appropriate sanction. *Shahrdar*, 983 S.W.2d at 236; Tenn. R. Civ. P. 37.02(c).

### III. CONCLUSION

For the foregoing reasons, we conclude that the trial court did not abuse its discretion, and we affirm the grant of default judgment.

_____
RICHARD H. DINKINS, JUDGE