IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 12, 2023 Session

**JOHN MARK BOWERS V. CARLTON J. DITTO, ET AL.**

**Appeal from the Chancery Court for Hamilton County**
**No. 20-0439    Jeffrey M. Atherton, Chancellor**

_____

**No. E2022-01307-COA-R3-CV**
_____

In this quiet title action, the pro se defendant appeals the trial court's decision to permit constructive service by publication in lieu of personal service, pursuant to Tennessee Code Annotated section 21-1-203(a)(2). Because Plaintiff met the statutory requirements of service by publication and because constructive service by publication was effective to establish the trial court's personal jurisdiction over Defendant, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Carlton J. Ditto, Chattanooga, Tennessee, pro se.

Peter C. Ensign, Chattanooga, Tennessee, for the appellee, John Mark Bowers.

**OPINION**

**I.        BACKGROUND**

On June 5, 2019, Appellant Carlton J. Ditto ("Defendant") paid a delinquent taxpayer $1,000.00 in exchange for a quitclaim deed transferring to Defendant that taxpayer's potential interest in certain real property on Hunt Avenue in Hamilton County. On June 6, 2019, Appellee John Mark Bowers ("Plaintiff") purchased the property at a delinquent tax sale held in the matter of *Hamilton County and f/u/b of the State of Tennessee, et al. v. Tax Year 2015 Delinquent Taxpayers*, No. 11235 (Ch. Ct., Hamilton

Cnty. 2019). Following the chancery court's order confirming the sale, no one exercised a right to redeem the property. The right to redeem expired in June of 2020.[1] Defendant never held any interest in the property other than the right of redemption. He never improved the property. On July 2, 2020, Plaintiff filed an action to quiet title in the Chancery Court for Hamilton County ("trial court"). In addition to Defendant, Plaintiff's action named other defendants who were later dismissed and are not parties to this appeal.

Plaintiff hired a private process server who made multiple attempts to serve Defendant at his Shallowford Road address in Chattanooga. The parties agree that the Shallowford Road address was correct and was Defendant's residence at all relevant times. The process server was unsuccessful, so on October 7, 2020, Plaintiff moved for service by publication in lieu of personal service. In his motion, Plaintiff relied upon Tennessee Code Annotated sections 21-1-203 and -204, which permit constructive service by publication in certain circumstances. Plaintiff's motion represented that he had sent certified mail to Defendant's address, but that Defendant failed to sign for the correspondence. The motion also included the process server's sworn affidavit detailing the facts of her eight attempts to serve Defendant from August 26 to October 6, 2020, at various times during morning, afternoon, and evening hours. The process server swore that she also confirmed Defendant's phone number, left voicemails, and confirmed with a neighbor that the Shallowford Road address was indeed Defendant's residential address.

Plaintiff's motion for service by publication included a notice of hearing. Plaintiff mailed a copy of the motion to Defendant at the same Shallowford Road address. All future mailings to Defendant, including court orders, were sent to this address as well. Defendant did not attend the hearing. By order entered October 27, 2020, the trial court ordered that service by publication would be permitted. The trial court directed that a copy of the order be published in the newspaper. Publication ran in the *Chattanooga Times Free Press* over four consecutive weeks in November of 2020:

TO: CARLTON J. DITTO

It appearing that service cannot be had on you in Hamilton County, Tennessee, or that you are now a non-resident of the State of Tennessee; it is ORDERED that unless you appear and defend the Complaint on file in the above-styled case within thirty (30) days after **November 27, 2020**, a default judgment may be taken against you for the relief demanded in said Complaint. **Pursuant to T.C.A. 21-1-203(b)**.

---

[1] *See* Tenn. Code Ann. § 67-5-2701.

Defendant read the above order in the newspaper and became aware that a legal action was pending against him. On December 22, 2020, Defendant answered the complaint. In his answer, Defendant asked the trial court to "rescind any order authorizing service by publication," acknowledged that the action against him involved the Hunt Avenue property, and asserted defenses. His signature confirmed that the Shallowford Road address was correct.

On November 8, 2021, Plaintiff moved to compel discovery pursuant to Tennessee Rule of Civil Procedure 37. Plaintiff argued that Defendant had failed to respond to discovery requests propounded on February 3, 2021, and to a follow-up letter offering additional time to respond to discovery. The motion to compel included a notice of hearing for December 13, 2021. Defendant responded to the motion to compel discovery on December 1, 2021, reiterating his belief that service had not been perfected and asking the trial court to deny the motion. Defendant did not attend the hearing. By order entered January 27, 2022, the trial court granted the motion to compel and ordered Defendant to respond to the discovery requests within twenty days. The trial court's order warned that Defendant's failure to comply could result in the sanction of striking his answer. Both the Clerk's Office and Plaintiff mailed a copy of the January 27 order to Defendant.

On February 14, 2022, Defendant moved to "alter or amend or strike" the court's January 27 order. Per Defendant's motion, the trial court was holding Zoom hearings at the time. He filed a supporting declaration on February 18, 2022, noting that he would be "out of town on February 28, the date set for a hearing on my motion and will not have internet access to participate." The hearing on Defendant's motion was actually held on March 14, 2022. Again, he failed to attend, so the trial court struck his motion "for failure to prosecute and/or appear."

On April 7, 2022, Plaintiff moved for Rule 11 sanctions against Defendant, requesting the court to strike Defendant's answer from the record. Defendant responded to the motion for Rule 11 sanctions on April 27, 2022, advising that he would "participate" in the lawsuit once personally served the complaint.

At last, on May 13, 2022, the trial court set the cause for final hearing on June 27, 2022. The court ordered the parties to be fully prepared to go forward on June 27. Both Plaintiff and the Clerk's Office mailed a copy of the order to Defendant. Defendant again did not show up to the hearing as ordered. Plaintiff, Plaintiff's counsel's paralegal, and the process server testified. The appellate record does not contain a transcript of the hearing or a statement of the evidence presented at the hearing. By order dated July 6, 2022, the trial court struck Defendant's answer and entered default judgment against Defendant. The court found that the witnesses who testified at the hearing were credible and persuasive,

but that Defendant's filings were unpersuasive and incredible. The trial court further found as follows:

> Plaintiff made diligent efforts to locate and serve Defendant Ditto, [but] Defendant Ditto evaded service. Therefore, a general notice of suit, published in the Chattanooga Times Free Press, for four (4) consecutive weeks and pursuant to T.C.A. § 29-9-102,[2] was valid service upon Defendant Ditto. Defendant Ditto failed to appear before this Court but filed an Answer.

> However, Defendant Ditto failed to respond to properly served discovery request[s] nor to the various hearings held in this Court regarding his failure to respond. Therefore, this Court properly sanctioned Defendant Ditto by striking his Answer and the time for Defendant Ditto to respond has passed.

> The Court notes that all discovery requests, notices, and other correspondence w[ere] sent to the address Defendant provided the court, namely [] Shallowford Road, Chattanooga, TN 37421.

As a result of these findings, the trial court concluded that service by publication was proper and effective; that Defendant was in default; and that the complaint set forth all necessary facts to quiet title to the Hunt Avenue property with respect to Defendant. Accordingly, the trial court divested Defendant of any title, claim, or interest in the Hunt Avenue property.

On August 2, 2022, Defendant moved to alter or amend the order of default judgment. Plaintiff responded. A hearing on Defendant's motion was set for August 22, 2022. Plaintiff attended but Defendant did not, so the motion to alter or amend was denied by order entered August 25, 2022. The trial court noted that Defendant failed to appear at the June 27, 2022 hearing or any other scheduled hearing in the case, in contravention of the court's orders mailed by the Clerk's Office to Defendant at the address he provided. Defendant appealed.

## II.    ISSUES

We consolidate and restate the issues on appeal as follows:

---

[2] Tennessee Code Annotated section 29-9-102 concerns contempt of court and is not relevant to this case. It is unclear whether this is a typo in the trial court's July 6, 2022 order. Regardless, we will address the applicable statutes in our discussion below.

A.  Whether Plaintiff's appellate brief should be stricken.

B.  Whether the trial court erred by allowing constructive service by publication.

C.  Whether the trial court abused its discretion in sanctioning Defendant by striking his answer.

D.  Whether the trial court erred in entering default judgment.


## III.  STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).  "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect."  *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006).  This presumption of correctness applies only to findings of fact and not to conclusions of law.  *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).  The trial court's conclusions of law are subject to a de novo review with no presumption of correctness.  *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).  The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary.  *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

Sufficiency of service of process is a question of law which we review de novo with no presumption of correctness. *Amresco Indep. Funding, LLC v. Renegade Mountain Golf Club, LLC*, No. E2014-01160-COA-R3-CV, 2015 WL 1517921, at *2 (Tenn. Ct. App. Mar. 31, 2015) (citing *State ex rel. Barger v. City of Huntsville*, 63 S.W.3d 397, 398–99 (Tenn. Ct. App. 2001)).  Likewise, whether a court has personal jurisdiction over a defendant involves a question of law to which de novo review applies. *Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015) (citing *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 645 (Tenn. 2009)).

## IV.    DISCUSSION

### A.

We first address Defendant's March 9, 2023, motion to strike Plaintiff's appellate brief.  Defendant argues that Plaintiff's brief should be stricken for being filed late.  Defendant, as the appellant, filed his brief on January 10, 2023.  Defendant is correct that Plaintiff, as the appellee, had a deadline of thirty days from January 10 to file his brief, and did not do so.  *See* Tenn. R. App. P. 29(a).  However, by Order entered February 16, 2023, we ordered Plaintiff to file his appellate brief within ten days.  Plaintiff's brief was filed on February 24, 2023, within the ten-day period.  Additionally, Defendant argues that Plaintiff's brief "contains falsehoods or intentional and blatant misrepresentations of established law and should be stricken from the record."  We disagree and do not discern such faults in Plaintiff's appellate brief.  For these reasons, we deny Defendant's motion to strike Plaintiff's brief.

### B.

Defendant asserts that Plaintiff's alleged failure to make "diligent efforts" toward personal service before moving the trial court for service by publication is "the primary thrust of this appeal."  He maintains that the trial court erred in concluding that service by publication was proper, that the court never acquired personal jurisdiction, and that "all Orders entered are void."

"A court obtains personal jurisdiction over a party defendant by service of process." *Turner*, 473 S.W.3d at 271.  "[T]he defendant must be before the court by actual or constructive service of process."  *West v. Jackson*, 186 S.W.2d 915, 917 (1944). The Tennessee Rules of Civil Procedure direct that constructive service of process is governed by statute.  *See* Tenn. R. Civ. P. 4.08 ("In cases where constructive service of process is permissible under the statutes of this state, such service shall be made in the manner prescribed by those statutes, unless otherwise expressly provided in these rules.").  One statute which authorizes constructive service in lieu of personal service in chancery court actions is Tennessee Code Annotated section 21-1-203:

> (a) Personal service of process on the defendant in a court of chancery is dispensed with in the following cases:
>
> (1) When the defendant is a nonresident of this state;

**(2) When, upon inquiry at the defendant's usual place of abode, the defendant cannot be found so as to be served with process, and there is just ground to believe that the defendant is gone beyond the limits of the state**;

(3) When the sheriff makes return upon any leading process that the defendant is not to be found;

(4) When the name of the defendant is unknown and cannot be ascertained upon diligent inquiry;

(5) When the residence of the defendant is unknown and cannot be ascertained upon diligent inquiry;

(6) When judicial and other attachments will lie, under this code, against the property of the defendant; and

(7) When a domestic corporation has ceased to do business and has no known officers, directors, trustees or other legal representatives on whom personal service may be had.

(b) To dispense with process in any of the cases listed in subsection (a), the facts shall be stated under oath in the bill, or by separate affidavit, or appear by the return.

Tenn. Code Ann. § 21-1-203 (emphasis added). Service of process "is not 'a mere perfunctory act' but has 'constitutional dimensions,'" [so] a plaintiff who resorts to constructive service by publication must comply meticulously with the governing statutes." *Turner*, 473 S.W.3d at 274 (quoting *In re Z.J.S.*, No. M2002-02235-COA-R3-JV, 2003 WL 21266854, at *6 (Tenn. Ct. App. June 3, 2003)). Service by publication must still be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Beckwith Church of Christ*, No. M2015-00085-COA-R3-CV, 2016 WL 5385853, at *3 (Tenn. Ct. App. Sept. 23, 2016) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, the motion for service by publication averred that Plaintiff attempted service in two ways, certified mail and through a private process server. Only after these unsuccessful attempts did Plaintiff file a motion for service by publication, citing section 21-1-203 as specific authority. Plaintiff's motion included the process server's sworn affidavit, as required by section 21-1-203(b).

The facts sworn to in the statutorily required affidavit fit within the statutory exception set forth in section 21-1-203(a)(2), which is the exception set forth in the notice that was published in the *Chattanooga Times Free Press*. Of note, subsection (a)(2) of Tennessee Code Annotated section 21-1-203 requires "inquiry," whereas subsections (a)(4) and (a)(5) require "diligent inquiry." A basic rule of statutory construction articulates "that the legislature is presumed to use each word in a statute deliberately, and that the use of each word conveys some intent and has a specific meaning and purpose." *Scales v. City of Oak Ridge*, 53 S.W.3d 649, 654 (Tenn. 2001) (quoting *Bryant v. Genco Stamping & Mfg. Co.*, 33 S.W.3d 761, 765 (Tenn. 2000)). This affidavit contains detailed descriptions of the process server's attempts to serve Defendant at his Shallowford Road address on eight separate occasions, over eight weeks, at various hours during the morning, afternoon, and evening. The process server also swore that she confirmed Defendant's phone number, left voicemails, and confirmed with a neighbor that the Shallowford Road address was indeed Defendant's "usual place of abode," a fact which has never been in dispute. Tenn. Code Ann. § 21-1-203(a)(2). The facts sworn to in the process server's affidavit establish that Plaintiff exceeded the "inquiry" requirement of section 21-1-203(a)(2) and that there was, under the circumstances, "just ground to believe that the defendant is gone beyond the limits of the state." *Id.*

Defendant's arguments on appeal largely ignore the above statutory authority. Instead, he presses that Plaintiff's "efforts to locate and serve process upon [him] set forth in [the affidavit]" do not meet the "diligent efforts" standard articulated by our Supreme Court in *Turner*. In *Turner*, the Court instructed "that Tennessee Code Annotated sections 21-1-203(a) and 36-1-117(m)(3), consistent with constitutional due process principles, require that diligent efforts be made and prescribe the circumstances and procedures that must be followed before a plaintiff may resort to constructive service by publication *in termination of parental rights actions*." *Turner*, 473 S.W.3d at 276 (emphasis added). This is a quiet title action, not a termination of parental rights action. Furthermore, Defendant has not cited, nor have we found, any case applying a "diligent efforts" standard to subsection (a)(2) of Tennessee Code Annotated section 21-1-203. Discerning no error upon de novo review, we affirm the trial court's October 27, 2020 order allowing service by publication in lieu of personal service.

Lastly, the trial court's October 27, 2020 order and the publication notice which ran in the newspaper comport with the specific statutory procedures outlined in Tennessee Code Annotated section 21-1-204.[3] Defendant does not claim otherwise. In his reply brief,

---

[3] The statute provides:

(a) In case personal service is not used, if the defendant does not cause an appearance to be entered, the clerk, as soon as the necessary affidavit is made, shall enter upon the rule

- 8 -

Defendant admits that his "first notice that an action was pending against him was when he saw a legal notice in a newspaper." He proceeded to file an answer, motions, and responses to motions. We hold that Plaintiff met the statutory requirements of service by publication. As such, service by publication was proper under Tennessee Rule of Civil Procedure 4.08. With all of the foregoing considerations in mind, we further hold that constructive service by publication was effective to establish the trial court's personal jurisdiction over Defendant.

## C. & D.

In the posture of appellee, Plaintiff asks whether the trial court erred in imposing the sanctions of striking Defendant's answer and entering judgment by default against him. For his part, Defendant does not meaningfully address this issue in his reply brief, but maintains that judgment by default was improper because Plaintiff did not file a motion for default judgment under Rule 55.01. However, the record indicates that the trial court imposed the sanctions of striking Defendant's answer and entering judgment by default pursuant to Rule 37.02 which provides a range of sanctions for failure to comply with a court's order on a motion to compel. As relevant to the issues on appeal, Rule 37.02 states:

> If a . . . party . . . fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . .

---

docket an order requiring the defendant to appear at a certain day named in the order, being a rule day, and defend, or otherwise the bill will be taken for confessed.

(b) The clerk shall forthwith cause a copy of this order to be published for four (4) consecutive weeks in the newspaper mentioned in the order or designated by the general rules of the court.

(c) The order for publication in lieu of personal service may be made at any time after the filing of the bill. The order of publication should contain the names of the parties, the style of the court in which the proceedings are had and the name of the place where the court is held, without any brief or abstract of facts, unless directed by the court.

Tenn. Code Ann. § 21-1-204(a)–(c).

(C) An order striking out pleadings or parts thereof . . . or rendering a judgment by default against the disobedient party[.]

Tenn. R. Civ. P. 37.02. When a trial court strikes a pleading or enters default judgment as a sanction under this rule, we review such decisions for abuse of discretion. "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Rendering a default judgment pursuant to Rule 37.02(C) is "appropriate 'where there has been a clear record of delay or contumacious conduct.'" *Shahrdar v. Glob. Hous., Inc*., 983 S.W.2d 230, 236 (Tenn. Ct. App. 1998) (quoting *In re Beckman*, 78 B.R. 516, 518 (M.D. Tenn. 1987)).

In response to Plaintiff's motion to compel discovery, Defendant stated only that he had not been personally served the complaint and that he believed he was "not properly before the court." The trial court warned in its January 27, 2022 order that Defendant's continued failure to respond to discovery requests could result in the sanction of striking his answer. Defendant heard the warning because he responded to it by way of a motion to alter or amend the order. In that motion, he stated that he had not received discovery requests from Plaintiff while in the same breath averring that he had "no responsibility to respond" to discovery until personally served the complaint. As to whether Defendant received the discovery that Plaintiff served, we credit the trial court's finding that Defendant was not credible in his filings. The evidence in the record preponderates in favor of a finding that Defendant ignored discovery requests and ignored the court's order compelling discovery. He proceeded to skip the hearing pertaining to his own motion. After this and after Plaintiff's motion for sanctions to which Defendant responded, the trial court set the case for final hearing, recognizing the need for resolution.[4] The trial court ordered the parties to be fully prepared to go forward on June 27, 2022. At oral argument, Defendant admitted to receiving "several" of the notices of hearing that the Clerk's Office mailed throughout litigation. Still, he disobeyed the court's order by failing to attend the June 27 hearing and, after that, the August 22 hearing on his own motion to alter or amend the order rendering default judgment.

---

[4] On the subject of case management, we have recognized:

Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court.

*Hodges v. Att'y Gen*., 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000) (citing Tenn. R. Civ. P. 37.02(C)) (additional citations omitted).

Defendant emphasizes that he has appeared before this Court many times, and has made over one hundred trial court appearances in the past twenty years. Such an experienced litigant should know the consequences that could result from purposefully and repeatedly ignoring a court's orders. Here, the trial court afforded Defendant time to comply with its orders. Defendant was warned that he was subject to sanctions, including the striking of his answer, yet he persisted. We hold that the trial court did not abuse its discretion in striking Defendant's answer from the record under Rule 37.02(C). Upon the record presented, we find Defendant's conduct was contumacious, so a default judgment pursuant to Rule 37.02(C) was an appropriate sanction. *Shahrdar*, 983 S.W.2d at 236. We further hold that the trial court did not abuse its discretion in its July 6, 2022 order rendering judgment by default against Defendant.

## V.    CONCLUSION

For the reasons stated above, we affirm the trial court's judgment. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Carlton J. Ditto.

_____
JOHN W. McCLARTY, JUDGE

- 11 -