IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 17, 2023 Session

## JANICE DELOACH v. SAHARA DAYCARE CENTER, INC., ET AL

**Appeal from the Circuit Court for Shelby County**
**No. CT-5259-20     Mary L. Wagner, Judge**
_____

### No. W2022-01695-COA-R3-CV
_____

This is a breach of contract case involving a business partnership. Due to deficiencies in Appellants' brief, we do not reach the substantive issues and dismiss the appeal. We grant Appellee's motion to declare Appellant's appeal frivolous and award her damages.

**Tenn. R. App. 3 Appeal as of Right; Appeal Dismissed.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Gerald S. Green, Memphis, Tennessee, for the appellants, Sahara Daycare Center, Inc., and Hawa Kamara.

Paul K. Prather, Jr., Memphis, Tennessee, for the appellee, Janice Deloach.

### OPINION

### I. Background

In the fall of 2019, Appellee Janice Deloach met with Hawa Kamara to discuss a daycare business venture. At the time, Ms. Kamara owned Sahara Daycare, Inc. ("Sahara Daycare," and together with Ms. Kamara, "Appellants"). Ms. Deloach had previously operated a daycare out of her home. In February 2020, the parties memorialized their partnership in an agreement (the "Agreement"). Under the Agreement, Ms. Kamara remained the sole owner of Sahara Daycare, but the partnership centered around running the daycare.

In the fall of 2020, the parties' relationship began to deteriorate. In October 2020, Ms. Deloach reviewed a "Notice of Termination of Partnership" (the "Notice of

Termination"). The Notice of Termination was unsigned, but Ms. Deloach believed that Ms. Kamara drafted it to provide Ms. Deloach with written notice that she was terminating the partnership. Ms. Deloach was last paid for her services to the partnership on October 16, 2020.

On December 18, 2020, Ms. Deloach filed a complaint in the Circuit Court of Shelby County ("trial court") against Ms. Kamara and Sahara Daycare alleging that Ms. Kamara breached their Agreement. Ms. Deloach requested damages totaling $75,000.00, resulting, in part, from her alleged share of monthly profits generated from the daycare's operation. On January 22, 2021, Appellants filed an answer. Thereafter, over the course of several months, Ms. Deloach filed three motions to compel, asking the trial court to order Appellants to respond to outstanding discovery requests.[1] The trial court entered orders on each of Ms. Deloach's motions to compel on August 2, 2021, September 14, 2021, and January 7, 2022, respectively. On February 23, 2022, Ms. Deloach filed a motion for default judgment. Therein, Ms. Deloach requested that the trial court enter a default judgment against Appellants for their failure to respond to discovery. The trial court heard the motion for default judgment on March 18, 2022. By order *nunc pro tunc* to March 18, 2022, the trial court denied the motion but ordered Appellants to fully respond to discovery.[2]

Trial was set for August 18, 2022. On August 17, 2022, Ms. Deloach filed a motion for default judgment and contempt of court and/or continuance. Therein, Ms. Deloach asked the trial court to hold Appellants in civil contempt for failure to comply with the trial court's orders to compel discovery responses. Alternatively, Ms. Deloach asked to continue the trial because several of the documents Ms. Deloach requested in discovery remained outstanding. In this motion, Ms. Deloach renewed her request for a default judgment against Appellants. By order of August 22, 2022, the trial court re-set the final trial for October 19, 2022.

On September 16, 2022, Ms. Deloach filed an amended motion for contempt. Therein, Ms. Deloach alleged that "[t]he majority of outstanding discovery requests were pertaining to specific bank records and statements that [Appellants had] in their sole possession." Ms. Deloach alleged that, although Appellants had provided some bank statements, they had not provided all relevant statements. Specifically, Ms. Deloach alleged:

> 5. During the week of September 12, 2022, [Appellants] propounded remaining bank statements from specified months. Every bank statement that had been turned over during discovery up to this point corresponded with a Sahara Daycare, Inc. Bank of America Checking account, with an account

---

[1] Ms. Deloach's motions to compel are not in the appellate record.
[2] The trial court entered this order on November 7, 2022.

number ending in 5658.

6. During [Appellant's] recent offering of discovery, all statements matched this same account number except for a bank statement from the month of November 2020. This particular statement belonged to Sahara Daycare, Inc. Bank of America Business Investment account, with an account number ending in 7988. This statement indicates a holding of significantly more funds than the other account that has been disclosed.

7. [Ms. Deloach's] original Request for Production of Documents asked for "Any and all bank statements between January 2020 and January 2021 that are associated with Sahara bank accounts."

8. This is the first time that a second account has been discovered, and when confronting [Appellants'] counsel about it, [Appellants] maintain[] that there is no second account.

The final trial was held on October 19, 2022. Prior to trial, the trial court heard Ms. Deloach's August 17, 2022 motion for default judgment and contempt as well as Ms. Deloach's September 16, 2022 amended motion for contempt. After hearing arguments, the trial court took these two motions under advisement "to hear proof during the trial related to the missing [discovery] documents and their relevancy." At trial, Ms. Deloach, Ms. Kamara, and Ms. Kamara's husband testified. Four exhibits were entered into evidence: (1) an excel spreadsheet that represented the amounts paid to Ms. Deloach from February 7, 2020 through October 16, 2020; (2) the Agreement; (3) the Notice of Termination; and (4) collective bank statements for Sahara Daycare.

By order of November 7, 2022, the trial court granted Ms. Deloach's motion for default judgment and contempt of court and her amended motion for contempt. In pertinent part, the trial court found that Ms. Kamara withheld bank statements for a bank account in the daycare's name, account 7988. The trial court found that, when asked by Ms. Deloach's counsel why statements from account 7988 were not produced, Ms. Kamara "defiantly responded, 'why would I give [them] to you when your client was not with us.'" However, the trial court also found that Ms. Kamara's own testimony indicated that the account had been open since at least September 2020, when Ms. Deloach was still in partnership with Ms. Kamara. The trial court further found that the only statement produced concerning this new bank account was from November 2020 and showed a balance of $74,106.50. The trial court held that the daycare's assets and bank accounts were central to Ms. Deloach's suit, and that Appellants' failure to produce this information "prohibited [Ms. Deloach] from adequately pursuing her case." Accordingly, the trial court granted the motion for default judgment and, as a discovery sanction, prohibited Appellants from producing proof at trial as to: (1) what profits were owed to Ms. Deloach; (2) how much profits had been paid to Ms. Kamara and the rate of division of such profits; and (3) the

assets of the company to be divided between Ms. Kamara and Ms. Deloach.

Also, on November 7, 2022, the trial court entered its Findings of Facts and Conclusions of Law. In pertinent part, the trial court concluded that: (1) Ms. Kamara provided notice to terminate the partnership on October 2, 2020, resulting in the partnership terminating on January 2, 2021; (2) Ms. Deloach was entitled to her share of partnership profits through January 2, 2021; (3) because Ms. Deloach's last partnership payment was on October 16, 2022, she was owed $8,800.00 for her share in the profits; (4) Ms. Deloach was entitled to her share of partnership assets, to be divided 50/50 among the parties; (5) Sahara Daycare held $83,228.94 in bank accounts; and (6) Ms. Deloach's 50% interest in these accounts was $41,614.47. Accordingly, the trial court entered a judgment in favor of Ms. Deloach for $50,414.47 against Ms. Kamara and Sahara Daycare.

On December 6, 2022, Appellants filed a timely appeal.

## II. Discussion

Appellants raise three issues for review, as stated in their brief:

1. Whether or not the court erred when it waited until after trial to rule on the Plaintiff's Motion for Default including in the ruling that the Defendant would not be permitted to produce certain evidence that had been presented at trial and that the proof that had been presented would be stricken from the record?

2. Whether the trial court erred when it calculated the SBA loan as an asset and awarded part of the loan amount to the Plaintiff?

3. Whether or not the court erred when it accepted an unsigned document produced by the Plaintiff purporting to be a dissolution or withdrawal from the Partnership as credible proof that the Defendant initially sought to dissolve the partnership?

As Appellee, Ms. Deloach asks for an award of appellate attorney's fees, arguing that Appellants' appeal is frivolous.

## A. Appellants' Failure to Argue

We do not reach the substantive issues in this case because Appellants' brief fails to comport with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals of Tennessee in that it fails to include substantive arguments with relevant citations to both the record and legal authority. Tennessee Rule of Appellate Procedure 27(a)(7)(A) provides that an appellant's brief *shall contain an argument* setting forth "the contentions of the appellant with respect to the issues presented . . . with citations to the authorities and appropriate references to the record . . . ." Tenn. R. App. P. 27(a)(7)(A).

Similarly, the Rules of the Court of Appeals "set forth the format and content of the written argument in regard to each issue on appeal." **Bean v. Bean**, 40 S.W.3d 52, 54 (Tenn. Ct. App. 2000). Specifically, Rule 6(a) provides that the written argument for each issue *shall* contain:

> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue . . . with citation to the record where the erroneous or corrective action is recorded.
>
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
>
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
>
> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. R. Ct. App. 6(a). Rule 6(b) provides that "[n]o complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded." Tenn. R. Ct. App. 6(b).

The Tennessee Supreme Court has stated that "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and *where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument*, the issue is waived." **Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010) (emphasis added); *see also* **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) ("This [C]ourt has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal.").

Turning to the first issue, in their brief, Appellants discuss a trial court's discretion to render a default judgment when a party fails to obey discovery orders. *See* Tenn. R. Civ. P. 37.02; **Alexander v. Jackson Radiology Assocs., P.A.**, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004). As Appellants state in their brief, a trial court has discretion to award such a sanction "'where there has been a clear record of delay or contumacious conduct.'" **Shahrdar v. Glob. Hous., Inc.**, 983 S.W.2d 230, 236 (Tenn. Ct. App. 1998) (quoting **In re Beckman**, 78 B.R. 516, 518 (M.D. Tenn. 1987)). Appellants cite case law defining "contumacious conduct" and explain that this Court reviews a trial court's order concerning

default judgment under an abuse of discretion standard. *See Alexander*, 156 S.W.3d at 14; *Am. Exp. Centurion Bank v. Lowrey*, No. E2011-01247-COA-R3-CV, 2013 WL 937831, at *5 (Tenn. Ct. App. Mar. 11, 2013). Although Appellants provide the foregoing relevant legal authority, they provide no application of the facts of this case to such law. Appellants provide neither citations to the record nor any argument to show how Appellants' conduct throughout this case was not contumacious or how the trial court abused its discretion when it granted the default judgment against Appellants. *See* Tenn. R. App. P. 27(a)(7)(A); Tenn. R. Ct. App. 6(a)(1), (2), (4). Indeed, Appellants fail to even cite to the trial court's order granting the default judgment and discovery sanctions. Tenn. R. Ct. App. 6(a)(1). Because Appellants fail to provide any substantive argument concerning the trial court's grant of a default judgment and the imposition of sanctions, they have waived these issues. *Sneed*, 301 S.W.3d at 615.

Concerning the second issue, Appellants' entire argument, as it appears in their brief, is:

> A loan is an amount of money borrowed from a lender, typically in exchange for the promise to pay back the funds at an interest rate and over a set period of time.

> Loans are not current assets because they do not represent something that can be converted into cash within one year.

> They are instead classified as long-term liabilities or investments, both of which appear on the balance sheet as non-current assets. Liabilities can be contrasted with assets. Liabilities refer to things that you owe or have borrowed; assets are things that you own or are owed.

> The provisions of the Uniform Partnership Act apply where there are no provisions in the partnership agreement relative to dissolution, distribution of assets, or accounting upon dissolution. Tenn. Code Ann. § 61-1-139(3) generally mandates application of all partnership assets to the satisfaction of all of the partnership liabilities in settling the accounts between former partners. Tenn. Code Ann. § 61-1-141 also provides withdrawing partners of a continuing partnership shall have the value of their interest in the partnership ascertained on the date of dissolution.

We recall that Appellants' second issue is "[w]hether the trial court erred when it calculated the SBA loan as an asset and awarded part of the loan amount to the Plaintiff?" Although their second issue involves an alleged SBA loan, *i.e.,* a Small Business Administration loan, Appellants do not specifically discuss an SBA loan in this portion of their argument nor do they cite to the record to show that Sahara Daycare received an SBA loan during the partnership. *See* Tenn. R. Ct. App. 6(a)(4). As part of the discovery sanction, discussed

*supra*, Appellants were prohibited from producing proof as to the assets of the partnership that were subject to division. Accordingly, it is possible that any proof concerning an SBA loan was struck as part of the discovery sanction against Appellants. As noted above, Appellants' deficient briefing of their first issue, *i.e.,* whether the trial court erred in imposing a discovery sanction and awarding a default judgment, precludes our review of the sanctions the trial court imposed. Therefore, if the trial court struck any proof as to an SBA loan, that decision stands.

Nonetheless, even assuming that the trial court did not strike proof of an SBA loan, Appellants' "argument" in this portion of their briefing is deficient. As discussed above, Appellants fail to cite to the record to show that Sahara Daycare received an SBA loan (or any loan) during the partnership. *See* Tenn. R. Ct. App. 6(a)(4). Additionally, Appellants provide no legal citation to support their argument concerning loans as liabilities/investments rather than assets. *See* Tenn. R. App. P. 27(a)(7)(A). Indeed, the only law Appellants cite in this portion of their brief is two statutes that were repealed in 2002. Furthermore, Appellants neither explain nor provide any citation to the record to show how the trial court calculated the partnership's assets. *See* Tenn. R. Ct. App. 6(a)(1). In short, Appellants fail to develop any substantive argument as to how the trial court erred in its calculation or division of partnership assets. *See* Tenn. R. App. P. 27(a)(7)(A).

As to the last issue, Appellants' entire argument, as it appears in their brief, is:

> The unverified document constitutes inadmissible hearsay, *see* Tennessee Rule of Evidence 802…the document wholly fails to meet the requirement of Tennessee Rule of Evidence 901 that the documents be authenticated "as a condition precedent to admissibility." Ms. Deloach, the Plaintiff, cannot rely on the purported dissolution or withdrawal from the partnership to satisfy her burden or persuasion. Smith ex rel. Agee v. Palmer, Court of Appeals of Tennessee, At Nashville, August 8, 2018, Session; January 30, 2019, Filed No. M2017-01822- COA-R3-CV[.]
>
> The document is not only unsigned and unsworn to, it does not even identify the preparer nor does it state that it reflects all income and disbursements.

First, Appellants fail to identify the "unverified document" that is the subject of this portion of their brief. From their statement of the issues, we deduce that Appellants are referring to the Notice of Termination. As with their other "arguments," Appellants fail to provide a citation to the record where this Court could review the Notice of Termination. *See* Tenn. R. Ct. App. 6(a)(4). However, on our independent review, the Notice of Termination is not part of the appellate record, despite it being admitted as an exhibit at trial.[3] It is unclear

---

[3] According to the trial court's Statement of Evidence, the Notice of Termination was admitted as

whether this document was subject to the trial court's order striking certain of Appellants' evidence. If it was excluded from evidence, for the reasons discussed, *supra*, the deficiencies in Appellants' first argument preclude us from revisiting this issue. If it was not excluded, it was Appellants' duty to include the Notice of Termination in the appellate record. Indeed, "[i]t is well-settled that it is the appellant's duty to prepare a record for our review that includes everything contained in the trial court record that is necessary for our examination of the issues presented on appeal." *McAllister v. Rash*, No. E2014-01283-COA-R3-CV, 2015 WL 3533679, at *8 (Tenn. Ct. App. June 5, 2015); *see also* Tenn. R. App. P. 24(a) ("The record on appeal shall consist of . . . the original of any exhibits filed in the trial court . . . ."). "To the extent that the absence of a full record precludes this Court from reviewing the appellant's issues, the trial court's ruling is presumed to be correct." *Id.*

The foregoing issues aside, Appellants' briefing as to their third issue likewise is deficient. First, Appellants fail to cite to the record to show that the Notice of Termination was not properly authenticated. *See* Tenn. R. Ct. App. 6(a)(4). Second, Appellants fail to provide a record citation to show that they objected to the Notice of Termination being introduced at trial and that the trial court overruled their objection, as required by our rules of evidence. *See* Tenn. R. Ct. App. 6(a)(1), (2). Under Tennessee Rule of Evidence 103(a)(1), an error may not be predicated on a ruling which admits evidence unless a substantial right of the party is affected and "a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground was not apparent from the context[.]" Tenn. R. Evid. 103(a)(1); *see also* *Knight v. Harris*, No. M2016-00909-COA-R3-CV, 2018 WL 372211, at *6 (Tenn. Ct. App. Jan. 11, 2018) (quoting *Welch v. Bd. of Prof'l Responsibility*, 193 S.W.3d 457, 464 (Tenn. 2006) ("Generally, failure to make a timely, specific objection in a trial court prevents a litigant from challenging the introduction of inadmissible evidence for the first time on appeal.")). Appellants also do not explain what inadmissible hearsay is allegedly contained in the Notice of Termination. *See* Tenn. R. Ct. App. 6(a)(4). In short, Appellants fail to construct any substantive argument concerning the alleged inadmissible hearsay contained within the Notice of Termination on which the trial court relied. *See* Tenn. R. App. P. 27(a)(7)(A).

The above "arguments" are woefully deficient in meeting the requirements of Tennessee Rule of Appellate Procedure 27(a)(7)(A) and Rule 6 of the Rules of the Court of Appeals of Tennessee. In the absence of any cogent argument, this Court is placed in the position of having to make Appellants' arguments for them; this we cannot do. As noted above, it is not our role to research or construct litigants' arguments for them. *See* *Sneed*, 301 S.W.3d at 615. "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the [party] did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781 (Tenn. 1928)). Indeed, "[w]hen a party fails to comply with [Tennessee

---

Exhibit 3 at trial.

Rule of Appellate Procedure 27], this Court has the authority to dismiss the appeal." ***Riebsame v. Schemel***, No. E2018-01798-COA-R3-CV, 2019 WL 4667586, at *4 (Tenn. Ct. App. Sept. 24, 2019) (citing ***Bean***, 40 S.W.3d at 54-55; ***Watt v. Watt***, No. M2014-02565-COA-R3-CV, 2016 WL 1730659, at *4 (Tenn. Ct. App. Apr. 27, 2016)). Appellants' failure to: (1) provide relevant citations to the record and to the trial court's ruling, (2) provide substantive legal authority, and (3) make any cogent argument concerning any of their issues precludes our review and results in a waiver of the issues and dismissal of the appeal. *See **Sneed***, 301 S.W.3d at 615; ***Riebsame***, 2019 WL 4667586, at *4.

## B. Request for Attorney's Fees

Ms. Deloach asks this Court to find Appellants' appeal frivolous and to award her attorney's fees incurred in defending it. Under Tennessee Code Annotated section 27-1-122,

> [w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. Whether this Court awards damages for a frivolous appeal lies solely within our discretion. ***Young v. Barrow***, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003). We exercise this discretion "'sparingly so as not to discourage legitimate appeals.'" ***Eberbach v. Eberbach***, 535 S.W.3d 467, 475 (Tenn. 2017) (quoting ***Whalum v. Marshall***, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)). However, "'[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals.'" ***Whalum***, 224 S.W.3d at 181 (quoting ***Davis v. Gulf Ins. Group***, 546 S.W.2d 583, 586 (Tenn. 1977)). This Court has concluded that an appeal is frivolous "when it has 'no reasonable chance of success,' or is 'so utterly devoid of merit as to justify the imposition of a penalty.'" ***Whalum***, 224 S.W.3d at 181 (internal citations omitted). Here, Appellants' brief fails to comply with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals of Tennessee. As a result, Appellants have failed to present any cogent arguments to which Ms. Deloach could respond. Thus, we agree with Ms. Deloach that Appellants' appeal is frivolous, and we conclude that Ms. Deloach is entitled to the attorney's fees she incurred attempting to defend against it. *See, e.g., **Robinson v. Robinson***, No. E2021-00034-COA-R3-CV, 2021 WL 3702084, at *4 (Tenn. Ct. App. Aug. 20, 2021) (deeming the appeal frivolous when the appellant's brief failed to comply with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals of Tennessee).

### III.  Conclusion

For the foregoing reasons, the appeal is dismissed.  Ms. Deloach's motion to declare the appeal frivolous is granted.  The case is remanded to the trial court for the calculation of damages in favor of Ms. Deloach to include reasonable attorney's fees and expenses incurred in defending this appeal, and entry of judgment on same.  Costs of the appeal are assessed to the Appellants, Sahara Daycare Center, Inc., and Hawa Kamara, for all of which execution may issue if necessary.

_s/ Kenny Armstrong_
KENNY ARMSTRONG, JUDGE